**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
25-CR-80216-MIDDLEBROOKS

UNITED STATES OF AMERICA,
          Plaintiff,
vs.

RAYMOND JEAN,
          Defendant.
_____/

## <u>SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE AND DOWNWARD VARIANCE</u>

COMES NOW, defendant Raymond Jean, by and through his undersigned CJA counsel, Sarah Maya, Esq., pursuant to U.S.S.G. § 6A1.2-3 and 18 U.S.C. § 3353(a), and respectfully files this sentencing memorandum, incorporating the filed Objections to the Presentence Investigation Report (DE 73) and requests that the Court sentence the defendant to the statutory mandatory minimum sentence of 10 years imprisonment.

**INTRODUCTION**

Raymond Jean is a 46 year old Haitian citizen. He will appear before this Honorable Court for sentencing on June 1, 2026 extremely remorseful for the choices he made that brought him before this Court. Mr. Jean entered a timely guilty plea and has accepted responsibility for his actions. If Mr. Jean's objections to his PreSentence Investigation Report are granted, he will be at a total offense level of 34 and a criminal history category I. Our arguments below request the Court grant an additional 3 level downward variance for a total offense level of 31 with a guideline imprisonment range of 108-135 months. The charge Mr. Jean plead guilty to carries a statutory mandatory minimum sentence of 10 years incarceration and a lifetime sex offender designation. We request that the Court consider arguments for variance and downward departure, along with Mr. Jean's personal history and characteristics, and sentence him to 10

1

years incarceration. A sentence of 10 years incarceration is sufficient, but not greater than necessary to achieve the purposes of sentencing as outlined in 18 U.S.C. § 3353(a).

**SPECIAL OFFENSE CHARACTERISTICS**

As stated in the Objections to the Presentence Investigation Report (DE 73), §2G1.3(b)(2)(B) enhancement does not apply, as Mr. Jean did not unduly influence R.B. to engage in prohibited sexual conduct. The plain reading of "unduly influenced" is self explanatory, therefore the application analysis should go no further. However, even under Application Note 3(B)'s analysis, this enhancement would not apply to Mr. Jean. Application Note 3(B) directs the court to closely consider the facts of the case in determining whether there was any influence. Alongside that recommendation, the note goes on to advise that there shall be a rebuttable presumption of undue influence if the defendant is more than ten years older than the minor, which *can be* presumed because of the substantial difference in age.

Our facts show that R.B. was soliciting for commercial sex acts outside the Rainbow City Food Store. R.B. approached the car Mr. Jean was a passenger in. R.B. presented herself as a person who would "do stuff for money." R.B. continued to actively engage Mr. Jean. The facts do not show that Mr. Jean unduly influenced R.B. at all. Mr. Jean could have been 25 years old, 35 years old or 45 years old. His age was of no consequence to R.B. Because his age—standing alone—was not the determining factor whether R.B. engaged in commercial sex acts, his age should not be construed as unduly influencing R.B.

The guidelines and their commentary are advisory. And although Mr. Jean maintains this enhancement does not apply, the Court should also consider these arguments as a downward variance in the form of a two-level reduction.

**CHAPTER FOUR ENHANCEMENT**

2

The application of 4B1.5(b)(1) is disproportionally applied in this case, as Mr. Jean meets the base line criteria for this enhancement. Because of this, the 5 level enhancement should be countered by a downward variance.

Application Note 4(B)(i) defines a "pattern of activity" involving prohibited sexual conduct if on *at least two separate occasions*, the defendant engaged in prohibited sexual conduct with a minor. Mr. Jean concedes that he had sex with R.B. on March 2, 2025 at the Stay Inn Motel and also on March 3, 2025 at the Barefoot Hotel. Those two occasions with one person establish the bare minimum of a "pattern of activity," according to the application notes. The 5 level "pattern of activity" enhancement under 4B1.5(b)(1) was also applied and upheld in *U.S. v. Fox*, 926 F.3d 1275 (11th Cir 2019) where that defendant sexually abused and photographed his two granddaughters aged 9 and 11 almost nightly for one year; in *U.S. v. Boone*, 97 F.4th 1331 (11th Cir 2024) where that defendant's personal electronic device had 15 images and two videos of him sexually abusing his 4 year old child; in *U.S. v. Sanchez*, 30 F.4th 1063 (11th Cir 2022) where that defendant sent explicit messages on a daily basis for at least seven months to a 14 year old minor and had sexual relationship with her on several occasions; and in *U.S. v. Pappas*, 715 F.3d 225 (8th Cir 2013) where that defendant sexually abused his 9 year old stepdaughter over the course of 5 years, making two separate videos of the sexual abuse.

In *Fox*, *Boone*, *Sanchez*, and *Pappas*, a 5 level enhancement was applied because a "pattern of activity" was established. The guidelines do not offer a remedy for the very obvious sentencing disparity when the 5 level enhancement is applied in any of the above cases or for prohibited sexual contact on 50 occasions with one minor or prohibited sexual contact on four occasions with four different minors or prohibited sexual contact on two occasions with one minor.

To avoid that sentencing disparity, a 3 level downward variance should be applied to Mr. Jean. A downward variance would more accurately reflect the scope of this offense conduct which

meets the threshold criteria, the absence of multiple victims and the broader repetitive predatory activity that this guideline is seeking to prevent. The court should give less weight to the advisory guideline calculation and impose a downward variance that highlights Mr. Jean's individualized conduct.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Under Title 18 U.S.C. § 3353(a)(1), a defendant's personal history and characteristics should be considered equally with the nature and circumstances of the offense.

Mr. Jean is a 46 year old Haitian citizen. He has 7 siblings, all of whom have fled their home country of Haiti due to increased violence, political insecurity, unstable living conditions and personal physical attacks on their livelihood. Mr. Jean grew up with his parents and siblings in Haiti. He attended school until the 7th grade when he was forced to drop out to care for his father who fell seriously ill. Mr. Jean began working to support his family and maintain their way of life. As his father's health continued to decline, Mr. Jean became the target of his father's family's jealousy. When Mr. Jean was 20 years old, his father's family tried to kill him. Envious of Mr. Jean's success and ability to lead his household with his father so sick, they stabbed Mr. Jean with a knife in the back and leg. Mr. Jean hit his head as he tried to escape. Badly injured, Mr. Jean fled Haiti to Dominican Republic for treatment and maintained residence there for many years, afraid to return. Following that attack on Mr. Jean and his departure from the country, his father's family set fire to all their properties. Ultimately, with nothing remaining and fearing more attacks, his siblings and mother left Haiti and immigrated to Dominican Republic, Brazil, Mexico and the United States. After living in Dominican Republic, Mr. Jean lived in Brazil for some time and then came to the United States in 2016 seeking a better life.

Mr. Jean has 4 children. All of his children are students, as he has impressed the importance

of education on them. His oldest daughter is an engineering student, the second is in medical school and youngest two are in high school. Mr. Jean is extremely embarrassed about his arrest in this case, as he has always strived to be a good role model to his children. Prior to his arrest for the instant offense conduct on March 27, 2025, he was financially providing for his children's schooling. Mr. Jean has strong work ethic, working in the construction field for 26 years. Most recently, he was a self-employed independent contractor performing construction jobs on a variety of residential projects.

Mr. Jean has been incarcerated for over a year. He has lost everything he attempted to build for himself in the United States. He has no home. It is dangerous for Mr. Jean to return to Haiti, as the threat of his father's family's continued violence is ever present, but it is likely he will be deported there. Following his sentence, Mr. Jean will have to start life over in a country he hasn't lived in for over 25 years with the life altering, lifelong designation as a sex offender.

**CONCLUSION**

The Supreme Court emphasized that the Court's assessment of the appropriate sentence should be individualized, stating: "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996). Underlying this principle is that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U.S., at 247, 69 S. Ct. 1079, 93 L. Ed.1337*; see also Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55, 58 S. Ct. 59, 82 L.Ed. 43 (1937).

Mr. Jean acknowledges that he committed a serious offense which must be punished. He respectfully requests that the Court grant his objections to his PreSentence Investigation Report or in

5

the alternative consider those arguments as a 2 level downward variance, to put him at a total offense level of 34. The Court should also consider a downward variance of 3 levels to counter the 5 level pattern of activity enhancement, for a total offense level of 31 and a criminal history category I, which has a guideline imprisonment range of 108-135. We request that the Court factor in Mr. Jean's personal history and characteristics and sentence him within this guideline range to the statutory mandatory minimum 10 years imprisonment which is sufficient, but not greater than necessary to comply with the objectives of 18 U.S.C. § 3553(a)(1-6).

**WHEREFORE**, based upon the aforementioned factors, it is respectfully requested that the Court impose a sentence of 10 years imprisonment.

Respectfully submitted,

*/s/ Sarah Maya*
SARAH MAYA, ESQ.
Florida Bar Number: 26547
Counsel Raymond Jean

The Kreiss Law Firm
1824 SE 4th Avenue
Fort Lauderdale, Florida 33316
Tel 954-525-1971
skm@kreisslaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been furnished by CM/ ECF to all counsel of record on this 29th day of May, 2026.

*/s/ Sarah Maya*
SARAH MAYA, ESQ.