**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**25-CR-80216-MIDDLEBROOKS**

UNITED STATES OF AMERICA,

vs.

RAYMOND JEAN,

     Defendant.

_____ /

**GOVERNMENT'S RESPONSE TO OBJECTIONS TO PRESENTENCE REPORT AND**
**OPPOSITION TO DEFENDANT'S REQUEST FOR A DOWNWARD VARIANCE**

The United States respectfully responds to defendant Raymond Jean's ("defendant") objections (DE 73) to the presentence report (DE 70). Further, the government responds in opposition to the defendant's sentencing memorandum (DE 92), whereby the defendant moves for a downward variance from the guidelines. The defendant requests a sentence of ten years' imprisonment (DE 92). The government opposes a downward variance and recommends a middle guideline sentence of 211 months' imprisonment for the following reasons.

    **I.**        **Paragraph 47 of the PSI Involving a Two-Level Enhancement is Correct**

The defendant objects to paragraph 47 of the PSI (DE 73). As stated by United States Probation, the PSI should reflect § 2G1.3(b)(2)(B), not subsection (A). *See* DE 82-1. The defendant then argues that even under subsection (B), the two-level enhancement does not apply because the minors solicited the defendant (DE 73).

The guidelines were properly calculated and the two-level enhancement under § 2G1.3(b)(2)(B) applies. Pursuant to Application Note 3(B) Undue Influence, the commentary provides the "court should closely consider the facts of the case to determine whether a

participant's influence over the minor compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring."    App. Note 3(B).    Further, the commentary provides a rebuttable presumption where the participant is "at least 10 years older than the minor."  *Id.*

Here, the presumption applies and has not been rebutted. At the time of the offense, RB was sixteen years old, and the defendant was forty-five years old, which is a twenty-nine-year age difference. The defendant claims that the minor victims solicited the defendant. This allegation that a child instigated the relationship does not rebut the presumption. To assume a vulnerable child who is given drugs and money is capable of making a "voluntary" decision concerning sexual abuse with a man forty-five years older than she is begins with a false premise.

Additionally, the defendant took deliberate steps to unduly influence RB to engage in commercial sex acts and therefore compromised the voluntariness of the minor's behavior. As the PSI indicates, PR approached the vehicle in which the defendant was the passenger (PSI ¶ 11).  However, the defendant was not merely a passive participant in the vehicle, as the co-defendant transported the minors to a motel, with the defendant remaining in the vehicle and the defendant later having sex with RB at the motel (PSI ¶ 11).  At the motel, the co-defendant asked the girls how old they were, and RB told them, "16 years old." *Id.* According to RB, both the co-defendant and defendant seemed excited about their age. *Id.* PR got mad at RB for telling them her age and sent RB into the room with the defendant, ordering her to "Go f* this guy." *Id.* Thereafter, the defendant had sex with RB. *Id.* After the sexual abuse, RB saw the defendant give PR cash.  *Id*.

Later, the defendant drove the minor victims to the mall, where they shopped and used

the money they received from the defendants (PSI ¶ 15). Transporting the minors to a shopping mall demonstrates the defendant's active role in cultivating and reinforcing his relationship through financial rewards and access to goods that are particularly attractive to a child. Thereafter, the co-defendant picked the girls up at the mall, with the defendant again in the vehicle. *Id.* They then drove to a hotel (PSI ¶ 16).

On March 3, 2025, the co-defendant rented another hotel room for the minor victims, and the defendant had sex with RB again numerous times throughout the day (PSI ¶ 19). RB lost track of the number of times she had sex with the defendant. *Id.* RB was provided with crack cocaine numerous times throughout the day—about every three hours. *Id.* Prior to the offense conduct in this case, RB had never used marijuana or crack cocaine (PSI ¶ 10). The defendant paid for the sex acts (PSI ¶ 19). Thus, in addition to RB being unable to legally consent to sexual abuse, the circumstances undermine the defendant's claim of voluntariness.  A vulnerable sixteen-year-old girl having sex numerous times throughout the day with the defendant for money, all while being given crack cocaine every three hours, is not voluntary. It is manipulative.

Thus, the repetitive commercial nature of the sexual abuse, significant age differences, repeated provision of drugs, and the defendant's exploitation of her vulnerability establish the enhancement was properly applied.

## II.    Sentencing Recommendation

The defendant's guideline range is 188-235 months' imprisonment (DE 70 at ¶ 97). The minimum term of imprisonment is ten years' imprisonment. *Id.*  The government opposes the defendant's request for a downward variance to ten years' imprisonment (DE 92). The government recommends that this Court sentence the defendant to a middle guideline sentence of

211 months' imprisonment.

In sentencing the defendant, the Court must consider, among other factors, the nature and circumstances of the offense, the seriousness of the offense, and the need to provide just punishment for it.   18 U.S.C. § 3553(a)(1), (a)(2)(A).   Further, the Court must make an individualized assessment of the defendant and consider the need for the sentence imposed to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).

Here, a substantial sentence is warranted under the § 3553(a) factors. The nature and circumstances of this offense are exceptionally serious.  The victim was a minor.  The defendant repeatedly engaged in commercial sexual activity with her over the course of at least two days, to the extent that she later could not recall how many sexual encounters occurred.  Crack cocaine was supplied at this time to the minor child who had never previously used the drug.  The crack cocaine was provided at regular intervals throughout the exploitation. The defendant reinforced the exploitation by providing money and transporting the minor to a mall to spend the proceeds. These facts demonstrate calculated exploitation of a uniquely vulnerable victim. The victim's judgment was impaired through drugs and her young age, and the defendant actively fostered dependency by providing money and transportation to a mall for desired goods.  The offense reflects predatory conducted directed at a child and profound disregard for the victim's safety, dignity and long-term wellbeing.

The need for the sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Commercial sexual exploitation of a minor coupled with addictive narcotics inflicts severe and lasting harm and represents conduct among the most serious.

A substantial sentence is also necessary to afford adequate deterrence. Individuals who exploit children through money, drugs, and repeated sexual abuse must understand that such conduct will result in severe consequences. General deterrence is particularly important in offenses involving sexual exploitation of minors.

Finally, a significant sentence is necessary to protect the public from further crimes of the defendant. The conduct here was not isolated. It involved repeated acts, financial inducements and controlled substances to a child. These circumstances demonstrate a willingness to manipulate and exploit vulnerable individuals for personal gratification.

Considering the § 3553(a) factors, a sentence at the middle of the guideline range is warranted by the facts. Contrary to the defendant's argument in support of his downward variance that the five-level enhancement pursuant to § 4B1.5(b)(1) is disproportionately applied due to Application Note 4(B)(i) only requiring at least "two separate occasions," here it was not just "two separate occasions." The defendant's exploitation occurred repeatedly over the course of at least two days and involved multiple sexual encounters, not two isolated incidents. Indeed, the minor victim reported the sexual activity occurred so many times that she could not recall the exact number. The distinction is significant. This was not a brief or limited episode. It was a continuing course of exploitation.

WHEREFORE, the government opposes the defendant's objections to the PSI, the defendant's request for a downward variance, and recommends 211 months' imprisonment.

Respectfully submitted,

By:   /s/ *Shannon O'Shea Darsch*
SHANNON O'SHEA DARSCH
Assistant United States Attorney
Fla. Bar No. 68566
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1027
Shannon.darsch@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 29, 2026, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

/s/ Shannon O'Shea Darsch
SHANNON O'SHEA DARSCH
Assistant United States Attorney
