**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-80216-DMM**

**UNITED STATES OF AMERICA**

       **Plaintiff,**

**v.**

**JAIME FIGUEROA,**

       **Defendant.**

_____/

**OBJECTIONS TO DRAFT PRESENTENCE**
**INVESTIGATION REPORT**

Jaime Figueroa, by and through undersigned counsel, respectfully files the following objections to the draft presentence investigation report (PSI) (DE 91) in this matter.

## I.    OFFENSE CONDUCT

Mr. Figueroa objects to the following factual inaccuracies outlined in the offense conduct.

Paragraph 7 of the PSI states that Figueroa and P.R. then had sex in front of R.B. Mr. Figueroa admits that he had sex with P.R., but not in front of R.B.

Paragraph 17 of the PSI states that Mr. Figueroa came to the Stay Inn Motel and met the three girls. Mr. Figueroa contends that he did not meet the three girls at the Stay Inn Motel. Mr. Figueroa also contends that he did not provide any specific details as to acts that should be performed or how to keep Michel and Jean happy, paying customers. The evidence supports the fact that Angelita Alaniz, Mr. Figueroa's biological mother,  gave the victims instructions and was in the hotel room while the sex acts were occurring.

1

Paragraph 20 of the PSI states that the girls gave most of the money collected from the commercial sex acts to Mr. Figueroa. Mr. Figueroa contends that he received approximately $35 for payment of his electric bill.

Paragraph 23 of the PSI states that R.B. alleged that Mr. Figueroa know her age because he said "I just don't want to go to jail". Mr. Figueroa contends that he made that statement because P.R. was aggressively threatening R.B. to the point that R.B. was threatening to call the police. Mr. Figueroa contends that he intervened to ask P.R. to stop at which point he made the above referenced statement.

## II.      ROLE ASSESSMENT

Paragraph 43 of the PSI states that Mr. Figueroa was the organizer of the sex trafficking acts and therefore should receive an aggravating role adjustment. However, Mr. Figueroa did not organize the sex trafficking acts and was not involved in the initial interaction between the three girls and Mr. Michel and Mr. Jean, who Mr. Figueroa does not know. Additionally, he did not participate in initiating the interactions between the girls and Mr. Michel and Mr. Jean who communicated directly with the three girls. Mr. Figueroa did not receive the bulk of the proceeds from the commercial sex acts. While the evidence shows that Mr. Figueroa knew what was going on, had conversations about what was going on, and benefited by way of paying his electric bill, sleeping at the hotels paid for by the co-defendants, and purchasing crack cocaine, he did not organize the sex trafficking acts. The co-defendants coordinated the encounters with the minor victims on their own or with the assistance of Angelita Alaniz, with no involvement from Mr. Figueroa.

## III.      OBJECTIONS TO SPECIAL OFFENSE CHARACTERISTICS

The PSI posits a 2 category enhancement "[b]ecause the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct." 2G2.1(b)(6)(B)(i). The plain reading of the language of the guideline does not apply to the facts of Mr. Figueroa's case. As it relates to the production of child pornography, the telephone was used to record the image, but there is no evidence in the record that it was used to persuade, induce, entire, coerce, or facilitate the travel of the minor in order for the minor to engage in sexually explicit conduct pursuant to the definition laid out in 18 U.S.C. § 2256(2).

The PSI posits a 2 category enhancement because "[t]he defendant was an organizer, leader, manager, or supervisor in any criminal activity." 3B1.1. The evidence of record does not support that Mr. Figueroa was acting as an organizer, leader, manager, or supervisor. When the victims in this case initiated contract with the co-defendants, Mr. Figueroa had no involvement and was not present or aware. In fact, the person who was acting in a supervisory capacity was Angelisa Alaniz, who the Government chose not to indict. She was present with the victims and giving specific instructions on how to engage in sexually explicit conduct with the co-defendants.

IV.     **GUIDELINE CALCUATION**

Should the Court sustain Mr. Figueroa's objections he would have an offense level of 36. At a criminal history level I, that would place his guideline range between 188-235 months.

Respectfully submitted this 2nd day of June, 2026.

3

Respectfully submitted,


By:   _/s/Fairuze Sofia_____
Fairuze Sofia, Esq.
Florida Bar #0057354
**THE SOFIA LAW FIRM**
3313 W Commercial Blvd #190
Fort Lauderdale, FL 33309
Tel: (954) 765-6591
fairuze@fairuzesofia.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on June 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/Fairuze Sofia

Fairuze Sofia, Esq.
Florida Bar #0057354
**THE SOFIA LAW FIRM**
3313 W Commercial Blvd #190
Fort Lauderdale, FL 33309
Tel: (954) 765-6591
fairuze@fairuzesofia.com