**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**25-CR-80216-MIDDLEBROOKS**

UNITED STATES OF AMERICA,

vs.

ANTONIO MICHEL,

      Defendant.

                           /

## GOVERNMENT'S RESPONSE TO OBJECTIONS TO PRESENTENCE REPORT

The United States respectfully responds to defendant Antonio Michel's ("defendant") objections to the presentence report (DE 111).  The government recommends a sentence of 188 months imprisonment.

### I.      Paragraph 47 of the PSI Involving a Two-Level Enhancement is Correct.

The defendant objects to paragraph 47 of the PSI (DE 111). As stated by United States Probation, the PSI should reflect § 2G1.3(b)(2)(B), not subsection (A). The defendant argues that the two-level enhancement does not apply because the minors solicited the defendant (DE 111).

The guidelines were properly calculated and the two-level enhancement under § 2G1.3(b)(2)(B) applies.  Pursuant to Application Note 3(B) Undue Influence, the commentary provides the "court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring."  App. Note 3(B).  Further, the commentary provides a rebuttable presumption where the participant is "at least 10 years older than the minor."  *Id.*

Here, the defendant took deliberate steps to unduly influence the minor girls to engage in

commercial sex acts and therefore compromised the voluntariness of the minor's behavior. As the PSI indicates, PR approached the vehicle in which the defendant was driving (PSI ¶ 11). However, the defendant thereafter transported the girls to a hotel, picked them up from a shopping mall to go to another hotel, paid for hotel and motel rooms on separate dates, had sex with all three minor victims, gave a burner phone, and paid for the sex acts with cash. The defendant did this knowing the minor girls ages, prior to having sex with the minor girls. Specifically, the defendant drove the girls to the Stay Inn Motel and asked how old the girls were (PSI ¶ 11). R.B. told the defendant, "16 years old." *Id.* According to R.B., the defendant seemed excited about her age. While in a motel room at the Stay Inn Motel, the defendant had sex with C.E., without using a condom. *Id.* ¶ 12. C.E. was the youngest of the three minor victims. The defendant also gave P.R. a burner phone to stay in touch. *Id.* ¶ 13. Records confirmed that the defendant rented the rooms at the Stay Inn Motel for the sex acts. *Id.*

Later the same day, R.B. and P.R. called the defendant using the burner phone he gave them, and the defendant picked them up at the Willington mall. *Id.*¶ 15. After picking up R.B. and P.R., the defendant took the girls to the Tiki Hut Hotel, where the defendant had a threesome with R.B. and P.R. *Id.* ¶ 16. The defendant had sex with both girls without a condom. *Id.* P.R. collected the money from the defendant. *Id.* Records confirmed that the defendant again had rented the room at the Tiki Hut. *Id.*

The next day, P.R. called the defendant and he rented another hotel room for the minor victims at the Barefoot Mailman Inn and Suites. *Id.* ¶ 18. The defendant had sex with P.R. *Id.* R.B. also reported that she had vaginal intercourse numerous times throughout the day and lost track of the number of times she had sex with the defendant. *Id.* ¶ 19. The defendant paid for the sex acts. Records confirmed that the defendant again rented the room. *Id.*

The defendant confessed he had sex with C.E. *Id.* ¶ 24.  The defendant admitted to picking up R.B. and P.R. from the mall and gave them his card to keep in touch.  He also admitted he took pictures of R.B. and P.R. on his phone.  The defendant further admitted he had sex with P.R. *Id.*¶ 26.   After confessing, the defendant fled the country. *Id.*¶ 27.

Accordingly, the repetitive commercial nature of the sexual abuse, transporting the minors, paying for the hotel and motel rooms, and significant age differences establish the enhancement was properly applied because the defendant took deliberate steps to unduly influence the minor girls to engage in commercial sex acts and therefore compromised the voluntariness of the minors' behavior.

The government understands that the court found that the enhancement for undue influence did not apply for the co-defendant, Jean.  However, the defendant here is not similarly situated to the co-defendant, as the defendant here had sex with all three minor girls, paid for the hotel and motel rooms, gave the minor girls his card and a burner phone, and transported the minor girls, unlike the co-defendant Jean. Such actions show deliberate steps by the defendant to unduly influence the minor girls, especially after learning of their ages and still having sex with the minor girls.

## II.      Sentencing Recommendation

The defendant's guideline range is 188-235 months' imprisonment (PSI ¶ 107). The minimum term of imprisonment is ten years' imprisonment. *Id.*  The government recommends that this Court sentence the defendant to 188 months' imprisonment.

In sentencing the defendant, the Court must consider, among other factors, the nature and circumstances of the offense, the seriousness of the offense, and the need to provide just punishment for it.   18 U.S.C. § 3553(a)(1), (a)(2)(A).   Further, the Court must make an

individualized assessment of the defendant and consider the need for the sentence imposed to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).

Here, a substantial sentence is warranted under the § 3553(a) factors. The nature and circumstances of this offense are exceptionally serious.  The victims were minors.  The defendant repeatedly engaged in commercial sexual activity with all three minor victims. The defendant reinforced the exploitation by providing money, paying for hotel and motel rooms, giving a burner phone, and transporting the minors from the mall to a hotel room for more sex.

The need for the sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Commercial sexual exploitation of minors coupled with addictive narcotics inflicts severe and lasting harm and represents conduct among the most serious.

A substantial sentence is also necessary to afford adequate deterrence. Individuals who exploit children through money, drugs, and repeated sexual abuse must understand that such conduct will result in severe consequences. General deterrence is particularly important in offenses involving sexual exploitation of minors.

Finally, a significant sentence is necessary to protect the public from further crimes of the defendant. The conduct here was not isolated. It involved repeated sexual acts.

Considering the § 3553(a) factors, a sentence of 188 months imprisonment is reasonable. The defendant's exploitation occurred repeatedly over the course of at least two days and involved multiple sexual encounters with all three victims.

WHEREFORE, the government opposes the defendant's objections to the PSI, and recommends 188 months' imprisonment.

Respectfully submitted,

By:  /s/ *Shannon O'Shea Darsch*
SHANNON O'SHEA DARSCH
Assistant United States Attorney
Fla. Bar No. 68566
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1027
Shannon.darsch@usdoj.gov

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on June 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Shannon O'Shea Darsch
SHANNON O'SHEA DARSCH
Assistant United States Attorney